HIRAM BROWN, impleaded with JOHN J. GRISWOLD *et als.*, plaintiff in error, *vs.* MATTHEW THROCKMORTON, defendant in error.

## *Error to Kendall.*

A right of pre-emption does not confer upon the person having it any title to the land or to the timber standing thereon. It is but a license from the government to occupy the land, and the right to purchase the same, within a specified time, at the minimum price.

This was an action of trespass *de bonis asportatis*, brought by Throckmorton against Brown and others, to recover the value of certain rails, which had been cut upon land to which Brown claimed a pre-emption, but to which he did not acquire any title from the government until after the rails had been made.

Brown, in defence, offered to prove his occupancy of the land upon which the rails were cut, and his right to a pre-emption of the same under the law of the United States, and also a certificate from the land office of the purchase of the land, but obtained after the rails were cut; which testimony was excluded by the Court, Caton, Justice, presiding. The cause was submitted to a jury, who found a verdict for $12. Brown sued out this writ, and assigns for error, the excluding of the testimony from the jury which went to show his claim of pre-emption to the land, and in excluding the certificate of purchase.

S. W. RANDALL, for plaintiff in error.

T. L. DICKEY and W. H. L. WALLACE, for defendant in error.

Opinion by TREAT, C. J.:

This was an action of trespass, brought by Throckmorton against Brown and others, to recover the value of certain rails.

67

It appeared in evidence that Throckmorton, during the winter of 1844, made the rails in question from timber cut by him on a quarter section of land belonging to the United States, and that Brown took and carried them away, in March or April following. It also appeared that Brown resided on the land from the first of April, 1843, up to the time of the trial.

The defendants offered to read in evidence certified copies of certain papers from the records of the land office at Chicago, for the purpose of showing that Brown was entitled to and claimed a pre-emption on the quarter section of land, from the time of his residence thereon; and also a certificate of the register, showing that he entered the same on the 12th of April, 1844. The Court rejected this evidence, and the propriety of that decision is the only question in the case.

The evidence admitted showed a *prima facie* right in the plaintiff to recover the value of the rails; and the evidence offered by the defendants, and excluded by the Court, neither tended to rebut the case thus made, nor establish any defence to the action. The timber out of which the rails were made belonged to the United States and not to Brown. Admitting that Brown had at the time a valid pre-emption, that did not confer on him any title to the land or the timber standing thereon. He had, at most, but a license from the government to occupy the land, and the right to purchase the same, within a specified time, at the minimum price. On the entry of the land, he acquired no interest in the rails previously made by the plaintiff thereon. The timber was severed from the freehold, and became personal property, and did not pass with the land to Brown by the grant from the United States. But it is needless to discuss the question, as the case of Wincher *vs.* Shrewsbury, 2 Scammon, 283, is expressly in point, and perfectly decisive of this case. In that case, Shrewsbury made a quantity of rails from timber growing on land of the United States, and left them piled up on the land. Wincher afterwards purchased the land, and converted the rails to his own use. Shrewsbury then brought an action of trespass against him, and recovered a judgment for the value of the rails; which was affirmed in this Court. The Court said: "Had the defendant any title to the rails in question, and how hid he acquire it? At the time the trespass was committed by the plaintiff, the land, and consequently the timber growing on it, of which

the rails were made, belonged to the government. The cutting of the timber was therefore an injury and a trespass against the government, and it had a legal remedy. Therefore, the defendant had neither a right of property, nor a right of action, at the time of the plaintiff's trespass, in making the rails. To what then did he acquire title, by a subsequent purchase of the land? Certainly not to a right of action for a previous trespass; nor to the timber which had previously been severed from the land, and converted into rails, farming utensils, furniture, or any thing else."

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*